UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEPARTMENT STORES NATIONAL BANK,

                Plaintiff,

                                                  **DECISION AND ORDER**
                                                         10-CV-775A

       v.

MARY G. MASTORAS,

                Defendant.

---

## I.    INTRODUCTION

Pending before the Court is a motion by plaintiff Department Stores National Bank to remand this consumer-credit case to New York State Supreme Court, Erie County. *Pro se* defendant Mary Mastoras removed this case on the grounds that plaintiff's violations of her civil and constitutional rights give this Court subject-matter jurisdiction. Plaintiff contends that its complaint raises no federal questions and that the amount in controversy falls well below what would be needed to create diversity jurisdiction. The Court deemed the motion submitted on papers under Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons below, the Court grants the motion.

## II.    BACKGROUND

This case concerns plaintiff's attempt to collect a delinquent credit-card debt in the amount of $5,126.07. Plaintiff's citizenship is uncertain from the

information available in the docket, but the Court infers from plaintiff's argument against diversity jurisdiction that plaintiff is not a citizen of New York. Defendant is a resident of Orchard Park, New York. On August 20, 2010, plaintiff filed a summons and complaint in New York State Supreme Court, Erie County. Plaintiff alleged that defendant has been in default on the debt in question since February 25, 2010 and seeks repayment with interest from that date.

Defendant removed this case to this Court on September 28, 2010,[1] though the grounds for removal are not clear. In her removal papers, defendant referred to unspecified "violations against the civil and constitutional rights of this undersigned Defendant in this cause . . . which have not been duly protected." (Dkt. No. 1 at 1.) Without elaborating on which federal statutes she was invoking, defendant proceeded to state that

> [T]his case, being an action brought primarily to vindicate rights
> secured under federal law and the United States Constitution, cannot
> properly be remanded to the state court under holdings in
> *Thermtron*,[2] *Cohill*,[3] and *Things Remembered*,[4] and in any case, that
> remand to the very state court that has—itself—been charged as one

---

[1] For purposes of determining the timeliness of defendant's removal under 28 U.S.C. § 1446(b), plaintiff has not indicated when it served the summons and complaint. Defendant's removal would be timely, however, so long as plaintiff took at least eight days to serve the summons and complaint after filing them.

[2] *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), *abrogated by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

[3] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

[4] *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

2

> of the leading perpetrators of such egregious violations against the statutory and common law cannot be *reasonably* done under the hallmarks of justice which properly befit this Honorable Court and the common reputation of the federal judiciary as being the "bulwark of rights held under the Constitution."

(*Id.* at 8.) Defendant never followed up her removal papers with an answer as required by Rule 81(c)(2) of the Federal Rules of Civil Procedure.

Meanwhile, plaintiff filed the pending motion to remand to state court on October 25, 2010. Plaintiff cites three reasons for removal. First, plaintiff argues that defendant's papers are facially deficient under Local Rule 81(a)(1) because they lack a cover sheet and list her as the plaintiff. Second, plaintiff argues that the amount in controversy is far too low to give the Court diversity jurisdiction. Third, plaintiff argues that it has not raised any federal questions and that defendant's removal papers contain only case law and no actual claims. In response to plaintiff's motion and because defendant was *pro se*, the Court issued an order on October 26, 2010 setting a briefing schedule for the motion but also requiring defendant to clarify the basis for her belief that the Court had federal-question jurisdiction.

Defendant filed several sets of papers in response to plaintiff's motion and the Court's order. On November 8, 2010, defendant filed a memorandum in which she now called herself the plaintiff in this case and asserted that she, as a plaintiff, "has 'well-pleaded' more than sufficient claims under the various

3

Amendments to the United States Constitution, and under various other federal laws and rights." (Dkt. No. 4 at 2.) On November 30, 2010, defendant filed a memorandum (Dkt. No. 7) that, for the first time in this case, accused plaintiff of securities fraud under a "fraud on the market" theory. Also on November 30, 2010, defendant filed a second memorandum (Dkt. No. 8) asserting that plaintiff's "arguments are related to the securitization of the chattel paper and, either party has not filed any documents relating to joinder or a joinder of issues in this cause. [Plaintiff] in this Court presents a direct attack on [defendant's] business practices as they relate to securitizing of its loans and tax reporting elusiveness." (Dkt. No. 8 at 1–2.)

Plaintiff filed *pro forma* reply papers on December 2, 2010.

III. **DISCUSSION**

The most significant issue that the Court must address here is whether defendant can remove this case from state court to address broad, unspecified issues not raised within the four corners of plaintiff's complaint. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

4

392 (1987). From the face of plaintiff's complaint, this case is solely about an allegedly delinquent credit-card debt of under $6,000, which makes it a breach-of-contract case within the sole jurisdiction of state court. If the debt in question exceeded $75,000 then the case might be removable since the parties appear to have diverse citizenship. *See* 28 U.S.C. § 1332(a). Alternatively, if some aspect of the debt itself implicated "a claim or right arising under the Constitution, treaties or laws of the United States," 28 U.S.C. § 1441(b), then federal-question jurisdiction would be more apparent. Defendant has not argued, however, that federal law governs the accumulation of the debt in question or that plaintiff's complaint asserts a threshold amount in controversy. Defendant instead raises vague allegations about civil-rights violations and securities fraud. "Defendant is raising these claims essentially like defenses or potential counterclaims to the underlying claim of the Complaint. These cannot be the basis for removal to federal court." *South Point, Inc. v. Krawczyk*, No. 07-CV-576, 2008 WL 434590, at *4 (W.D.N.Y. Feb. 14, 2008) (Arcara, *C.J.*) (citations omitted); *see also Debevoise v. Rutland Ry. Corp.*, 291 F.2d 379, 380 (2d Cir. 1961) ("It is well settled that the likelihood—even the certainty—that federal law will enter a case by way of defense does not confer jurisdiction upon the district courts.") (citations omitted). Under these circumstances, the Court lacks jurisdiction to review defendant's allegations. Defendant will have to pursue any supposed federal claims with administrative agencies or in her own litigation.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion to remand (Dkt. No. 2). The Clerk of the Court shall take the steps necessary to remand this case to New York State Supreme Court, Erie County.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 5, 2011